STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 122-8-14 Vtec |

| | |
|---|---|
| Agri-Mark Inc. Act 250 Permit | DECISION ON MOTION |

Agri-Mark, Inc. (Applicant) seeks an amendment to an existing state land use permit, originally issued March 1987 for the construction of a facility in the Town of Cabot, Vermont (the Permit). The Permit has since been amended several times. At issue in this appeal, Applicant submitted an application to amend the Permit in March 2014, seeking authorization to construct a compressed natural gas (CNG) offloading station with three truck bays for the purpose of converting fuel supplies for the existing buildings from oil to natural gas (Project). District Commission # 5 (Commission) issued amended permit 5W00887-8A pursuant to Act 250 Rule 34(D) on May 9, 2014 (Amended Permit). Jill Alexander and Richard Scheiber filed a motion to alter that decision on May 28, as well as a motion requesting a hearing under Criteria 1, 1(B), 5, 7, and 9. The Commission denied both motions. After timely appealing the Commission's decision to this Court, Ms. Alexander withdrew from the matter and Mr. Scheiber filed an amended Statement of Questions consisting of 10 Questions. Applicant subsequently filed a motion to dismiss for lack of standing, or in the alternative, to limit the Statement of Questions. The Vermont Natural Resources Board (NRB) filed a motion in opposition to Applicant's surreply as it pertains to the scope of the appeal.[1]

Mr. Scheiber is represented in this matter by Charlotte Dennett, Esq. Applicant is represented by Geoffrey H. Hand, Esq. The NRB is represented by Gregory J. Boulbol, Esq.

---

[1] The NRB's motion addresses Applicant's March 20, 2015 surreply, in which Applicant addresses the request to limit Mr. Scheiber's Statement of Questions. Because we grant Applicant's motion to dismiss, we do not address the motion to limit the Statement of Questions as it is moot, and therefore, we do not address the NRB's motion relevant to that issue.

## Factual Background

For the sole purpose of putting the pending motion into context the Court recites the following facts which it understands to be undisputed:

1.  District Commission # 5 issued the original Act 250 permit to Applicant Agri-Mark in March 1987 to construct a warehouse and cutting facility with parking areas, roadway, and related improvements in the Town of Cabot, Vermont.

2.  Applicant's original permit has been amended a number of times.

3.  Applicant filed the most recent application to amend the original permit in March 2014 for the construction of a CNG offloading station containing three truck bays for the purpose of converting fuel supplies for its existing buildings from oil to natural gas (the Project).

4.  The Commission issued administrative amendment 5W0887-8A on May 9, 2014.

5.  Jill Alexander and Richard Scheiber filed a motion to alter the amended permit as well as a motion requesting a hearing under Criteria 1, 1(B), 5, 7, and 9, both of which the Commission denied on July 16, 2014.

6.  Ms. Alexander and Mr. Scheiber appealed the Commission's decision to this Court on August 14, 2014.  Ms. Alexander subsequently withdrew from the matter.

7.  Mr. Scheiber lives at 3532 Walden Road, also known as Route 15, in Cabot, Vermont, approximately 4 miles from the Project site.

8.  Route 15 is the most direct route from Mr. Scheiber's home to Montpelier, Vermont.

9.  Mr. Scheiber states that he has a "particularized interest in his relationship to a dangerous bridge in Cabot which he routinely crosses and which is now being traversed twice daily, seven days a week, by Agri-Mark trucks filled with potentially explosive compressed natural gas."  (Appellant's Opposition to Agri-Mark's Motion to Dismiss at 4, filed Mar. 6, 2015).

10. Mr. Scheiber routinely uses Route 15 and crosses the Gardner Corners Bridge both by car and on his bike.  He crosses the bridge by car on his way to Montpelier for shopping, doctors' visits, and entertainment, and by bike for exercise in the spring, summer, and fall.

2

11.    Applicant's fuel trucks traveled Route 15 prior to the most recent permit amendment, which will not affect the frequency or route of truck traffic.

12.    The Gardner Corners Bridge is on the state of Vermont's list of bridges to repair.

13.    The Vermont Agency of Transportation has documented two traffic accidents on the Gardner Corners Bridge: one on September 8, 2010 and one on July 5, 2011. The latter involved an Agri-Mark truck hauling milk.

## Motion to Dismiss

Applicant's motion asks this Court to dismiss Mr. Scheiber because he lacks standing to appeal the Commission's decision. A party's standing can affect this Court's subject matter jurisdiction. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. We therefore review motions to dismiss for lack of standing under the standard of review afforded by V.R.C.P. 12(b)(1), meaning that we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party, which in this instance is Mr. Scheiber. E.g., In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.).

To be afforded party status, an appellant must demonstrate a "particularized interest protected by [Act 250] that may be affected by an act or decision by a district commission" or this Court on appeal. 10 V.S.A. § 6085(c)(1)(E). Although an interest is particularized if it is specific to the appellant rather than a general policy concern shared with the public, an interest may still be particularized even if it is shared with multiple members of the general public so long as it is specific to the party and not merely an interest in "the common rights of all persons." In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.); Re: McLean Enters. Corp., No. 2S1147-1-EB, Mem. of Decision at 7 (Vt. Envtl. Bd. Sept. 19, 2003).

An appellant must also demonstrate that his particularized interest "may be affected by an act or decision by [the] District Commission." 10 V.S.A. § 6085(c)(1)(E). To do this, an appellant must allege some causal relation between the proposed development and his interest. In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at

9–10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.). A relationship is causal if there is a reasonable possibility that the commission's decision may affect the particularized interest. Id.

As party status determinations are made under specific Act 250 Criteria, the interest asserted must be protected by the Act 250 Criterion for which the person seeks status. Although Mr. Scheiber has not requested party status under specific Act 250 Criteria, his opposition to Applicant's motion to dismiss relates only to the impact of the amended permit on the Gardner Corners Bridge. The Court therefore considers Mr. Scheiber's party status under Criteria 5 (traffic), 7 (municipal fire services), and 9(K) (public investment).

### a. Criterion 5 (Traffic)

Criterion 5 requires that a project will not result in "unreasonable congestion or unsafe conditions with respect to use of the highways, waterways, railways, airports and airways, and other means of transportation existing or proposed." 10 V.S.A. § 6086(a)(5). In determining party status regarding Criterion 5, "'the relevant inquiry is whether the petitioner uses the roads that may be impacted by a project on a regular basis.'" Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 14 (quoting Re: Pike Indus., Inc., No. 5R1415-EB, Mem. of Decision, at 2 (Vt. Envtl. Bd. Nov. 19, 2004)). In Pike Industries, the former Environmental Board explained:

> A project may cause a hazardous condition or congestion at a point some distance from the actual project site or the petitioner's home; conversely, a person may live immediately adjacent to a proposed project but never drive the roads that the project will use. Therefore, the location of a petitioner's residence is only one factor that may be relevant to a consideration of party status under Criterion 5, to the extent that it demonstrates that the petitioner's use [of] the roads may be impacted on a regular basis and that the petitioner may thus experience impacts that differ from those experienced by the public in general.

Pike Indus., No. 5R1415-EB, at 2.

Mr. Scheiber argues that his particularized interest is his relationship to a "dangerous bridge" that both he and the Agri-Mark trucks filled with CNG regularly traverse. (Appellant's Opposition at 4). Although he indicates that Applicant's trucks traverse the bridge "twice daily, seven days a week," he does not indicate whether this is an increase in the frequency of Agri-Mark truck traffic, nor does he indicate the frequency with which he traverses the bridge other

4

than to say his use is "routine." Id. Furthermore, despite Mr. Scheiber's statement that travel across the bridge is the only direct route to Montpelier, he offers no support for this statement, leaving to Court to interpret this as an opinion rather than a fact. Absent such facts, the Court cannot find a specific relationship between Mr. Scheiber and the bridge sufficient to show a particularized interest; rather, the Court agrees with Applicant that Mr. Scheiber's interest in using the bridge as a main route to Montpelier is one that is shared by any member of the general public.

Even if Mr. Scheiber had offered sufficient factual support to prove that his interest in the bridge was particularized, he has failed to demonstrate a causal connection between the Project and his interest. Although Mr. Scheiber offers documented accidents on the bridge, the town of Cabot's concern with the bridge, and the bridge's placement on the state's list of those to repair, he has failed to demonstrate a reasonable possibility that his interest in the bridge may be affected by the Commission's decision. Such a connection requires "more than mere speculation and theory." Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 5. Although Mr. Scheiber supports his concerns regarding the bridge's general safety with facts, he does not offer factual support for his conclusion that the Commission's decision will affect the safety of the bridge. He merely states that the bridge is narrow, that "there is another accident waiting to happen," and that such a collision could be calamitous. (Appellant's Opposition at 6).

It is unclear how Mr. Scheiber has arrived at this conclusion, especially considering that the result of the Commission's decision is simply that Agri-Mark trucks traversing the bridge will now contain CNG rather than oil. Mr. Sheiber offers nothing, apart from speculation about the hazardous nature of CNG transport compared to oil transport, relating the amended Project to a new impact on the bridge. Without factual support for his assertion that the Commission's approval of this change has affected traffic safety or congestion on the bridge, Mr. Scheiber's assertions are mere speculation and insufficient to afford party status under Criterion 5.

### b. Criterion 7 (Municipal Fire Services)

Criterion 7 requires an examination of whether a project will "place an unreasonable burden on the ability of the local governments to provide municipal or governmental services."

10 V.S.A. § 6086(a)(7). Mr. Scheiber must therefore make some threshold showing in support of his allegation that rises above "mere speculation and theory." Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7. Mr. Scheiber fails to meet this threshold, stating only that the transportation of CNG across the bridge will increase the risk of hazardous outcomes, which will therefore increase the need for municipal fire and rescue services. (Appellant's Opposition at 6). Mr. Scheiber does not offer factual support for this argument or allege that the Project will create an unreasonable burden on the ability of the local government to provide services. For these reasons, his argument fails to state concerns for which this Court may grant party status under Criterion 7.

### c. Criterion 9(K) (Public Investment)

Criterion 9(K) directs the granting of a permit for a development on or adjacent to public lands upon a demonstration that the development "will not unnecessarily or unreasonably endanger the public or quasi-public investment" in the lands or "materially jeopardize or interfere with the function, efficiency, or safety of, or the public's use or enjoyment of or access to" the lands. 10 V.S.A. § 6086(a)(9)(K). This Criterion "seeks to protect state and local governments from adverse fiscal impacts on public facilities and investments that are adjacent to the proposed project." Re: St. Albans Grp. & Wal-Mart Stores, Inc., No. 6F0471-EB, Mem. of Decision, at 9 (Vt. Envtl. Bd. Apr. 15, 1994).

Regarding public investments in roadways and related traffic issues, Criterion 9(K) requires a person seeking party status to make a higher showing of an interest than Criterion 5 requires. In re North East Materials Grp., LLC, Amended Permit, No. 35-3-13 Vtec, slip op. at 10 (Vt. Super Ct. Envtl. Div. Aug. 21, 2013) (Walsh, J.) (citing Re: Van Sicklen Ltd. P'ship, No. 4C1013R-EB, Mem. of Decision, at 8 (Vt. Envtl. Bd. June 8, 2001)). Mr. Scheiber does not directly argue that he has a particularized interest under Criterion 9(K), he indirectly addresses Criterion 9(K) "as it relates to the impact of CNG safety hazards on the municipality." (Appellant's Opposition at 7). He makes no allegations beyond the safety concerns addressed by Criterion 5. The Court therefore finds no factual basis for the allegation that the Project will "unnecessarily or unreasonably endanger the public or quasi-public investment" in the lands or

6

"materially jeopardize or interfere with the function, efficiency, or safety of, or the public's use or enjoyment of or access to" the lands. For this reason, we conclude that Mr. Scheiber is not entitled to party status under Criterion 9(K).

**Motion to Strike Questions**

Applicant argues, and the NRB agrees, that a preliminary issue in this appeal is whether the Project was appropriate for an administrative amendment. For this reason, Applicant and NRB ask that if the appeal is not dismissed for lack of standing, the Court limit Mr. Scheiber's Questions to Question 1, which asks whether an Act 250 District Commission can issue an administrative amendment to a permitted project when that amendment amounts to "significant new construction needed for the conversion of a manufacturing plant from oil to natural gas fuel."

We have concerns with the process by which the Commission approved the amended permit. The Commission approved physical changes to a permitted project through the administrative amendment process under Rule 34(D) rather than the minor amendment process under Rule 51. Rule 34(D) allows a District Commission "to amend a permit . . . when . . . necessary for record-keeping purposes or to provide authorization for minor revisions to permitted projects raising no likelihood of impacts under the criteria of 10 V.S.A. § 6086(a)." Conversely, Rule 51 allows for a minor permit amendment "if the district commission determines that there is a demonstrable likelihood that the project will not present a significant adverse impact under any of the 10 criteria of 10 V.S.A. § 6086(a)."

Whereas Rule 34 allows for administrative amendments when there is <u>no likelihood</u> of impacts under the criteria of 10 V.S.A. § 6086(a), Rule 51 allows for minor amendments when there is a <u>demonstrable likelihood</u> that the project will not present a significant adverse impact under those criteria. As concluded above, we do not have jurisdiction over this matter and we therefore cannot address Question 1. We do, however, express our concern with the Commission's decision to consider Applicant's Project under Rule 34, when it is clear from the amendment application that the proposed Project will result in physical changes beyond purely administrative revisions.

7

## Conclusion

For the reasons discussed above, Mr. Scheiber has failed to demonstrate a particularized interest that may be affected by the Commission's decision. Applicant's motion is **GRANTED** and we **DISMISS** Mr. Scheiber from the pending appeal for lack of party status.

This completes the proceedings currently before this Court. A Judgment Order accompanies this Decision.

Electronically signed on May 20, 2015 at 11:20 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division